# RESCRIPT OPINIONS.

VELIA TOSI & another[1] vs. SHIRLEE ADAMS. January 6, 1997. *Landlord and Tenant,* Rent. *Consumer Protection Act,* Damages, Landlord and tenant. *Damages,* Consumer protection case.

We granted the defendant tenant's application for further appellate review. See *Tosi* v. *Adams,* 39 Mass. App. Ct. 1107 (1995). The trial judge had awarded the tenant possession of the premises; damages under both G. L. c. 186, § 18 (1994 ed.); and G. L. c. 93A (1994 ed.), and attorney's fees. In its memorandum and order the Appeals Court rejected the landlords' challenge to rulings concerning their liability, reduced the damages awarded pursuant to G. L. c. 93A, and remanded the question of the amount of the attorney's fees for redetermination. We agree with the Appeals Court except with respect to (a) its determination to reduce the damage award under G. L. c. 93A and (b) its determination to reflect in the judgment the tenant's rent obligations after February, 1991.

1. In *Wolfberg* v. *Hunter,* 385 Mass. 390, 399 (1982), this court held that, when a tenant, who has withheld rent under G. L. c. 239, § 8A, prevails in a claim for damages under G. L. c. 93A, the tenant's "damages under G. L. c. 93A shall be calculated by determining the rental value of the unit as warranted — the agreed rent — minus the value of the unit in a defective condition," and in appropriate circumstances, the amount should "be doubled or trebled, in accordance with G. L. c. 93A, § 9 (3)." The trial judge, citing the *Wolfberg* case, properly calculated the tenant's damages. The Appeals Court, however, limited G. L. c. 93A damages to the amount of rent that the tenant actually paid during the relevant time. In our *Wolfberg* opinion, we rejected a lower court ruling that the tenants were not entitled to damages for the months during which they withheld rent. See *Wolfberg* v. *Hunter, supra* at 397-398. The Appeals Court erred in limiting the tenant's damages by ignoring our *Wolfberg* opinion and by applying instead a contrary principle earlier stated in *McKenna* v. *Begin,* 3 Mass. App. Ct. 168, 173-174 (1975).

2. The new judgment entered after rescript should not reflect rent claims for the period after February, 1991, provided that rent claims for the period from March, 1991, through August, 1991, have been or will be dealt with in the second summary process action brought by the landlords against the tenant and now pending on appeal in the Appeals Court.

3. Judgment as to liability is affirmed. The damage award shall be recalculated by eliminating, if appropriate, any deduction for rent obligations for periods after February, 1991. The award of attorney's fees is vacated, and the matter is remanded to the Housing Court for further

---

[1]Linda Tosi.

proceedings consistent with this opinion, including an award of attorney's fees for services rendered in this action after the date of judgment.

*So ordered.*

*Harvey S. Shapiro* for the defendant.
*Stephen A. Greenbaum* for the plaintiffs.